IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIGUEL ANGEL CARDENAS,

Plaintiff,

v.

NICOLE SWALBY, AMBER FENNIGKOH, MELISSA COCKRELL, KIMBERLY CUPERY, MS. TREANNA, MS. EMILY, and DR. HYTHEM ABAD,

Defendants.

OPINION AND ORDER

26-cv-525-wmc

---

Plaintiff Miguel Angel Cardenas, who is representing himself while in state prison, has filed a complaint under 42 U.S.C. § 1983 against several health care providers. (Dkt. #1.) Because plaintiff is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Even under this lenient standard, the court must dismiss the complaint because the allegations are insufficient to state a claim for relief. The court will, however, grant plaintiff an opportunity to amend.

OPINION

To proceed past screening, a plaintiff must provide facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, plaintiff alleges that he is presently incarcerated at Columbia Correctional Institution in Portage, Wisconsin, where defendant Nicole Swalby is a registered nurse, defendant Amber Fennigkoh is manager of the Health Services Unit, and defendant Melissa Cockrell is an "APNP." Defendants Kimberly Cupery, Ms. Treanna, and Ms. Emily are registered nurses at Divine Savior Hospital in Portage,[1] where defendant Dr. Hythem Abad works as a physician. Plaintiff alleges that he was transferred from CCI to Divine Savior on March 17, 2026, on the orders of defendants Swalby, Fennigkoh, and Cockrell, due to high blood pressure, diabetes, and pneumonia. While at Divine Savior, he went into cardiac arrest and was revived by Ms. Treanna, Ms. Emily, and Dr. Abad.

[1] Plaintiff refers to the hospital as "Devine Savior Hospital." After confirming the name of the hospital, the court has corrected the spelling for purposes of clarity and will refer to it as Divine Savior.

Without elaboration, plaintiff accuses all of the defendants generally of deliberate indifference in violation of the Eighth Amendment. This is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555); *see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). Because plaintiff does not provide defendants with adequate notice of their specific, personal involvement, the complaint must be dismissed.

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will grant plaintiff a 30-day window to file an amended complaint, preferably using the court's form for use by prisoners who are proceeding without a lawyer or similar form available at the prison law library or from the clerk's office. If attaching extra pages to his amended complaint, plaintiff is encouraged to state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). The amended complaint must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred. Plaintiff is further encouraged to identify each defendant by their full name to the best of his ability. Plaintiff is advised

that any amended complaint will be screened under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and that his failure to respond will result in the dismissal of this action without further notice.

ORDER

IT IS ORDERED that:

1) Plaintiff Miguel Angel Cardenas is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice, for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2) Within 30 days of the date of this order, plaintiff must file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action without further notice for failure to state a claim.

3) Plaintiff's motion to correct the record to reflect the number of copies of his complaint that he provided for service (dkt. #10) is DENIED as moot.

Entered the 21st day of September 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge